BRYAN SCHWARTZ LAW
BRYAN SCHWARTZ (SBN 209903)
RACHEL TERP (SBN 290666)
1330 Broadway, Suite 1630
Oakland, California 94612
Tel: (510) 444-9300
Fax: (510) 444-9301
Email: bryan@bryanschwartzlaw.com
      rachel@bryanschwartzlaw.com

*Attorneys for Plaintiffs and the Collective Class*

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORINA

| | |
|---|---|
| COOPER GILLESPIE, LEIGHTON WYNTER, CHRISTOPHER CASTLE, MICHAEL CONWAY, WILLIAM SEAN DUNEGAN, SKYLAR FISK, JEFF FOLZ, RANDY HILL, AND DENNIS WALSH, on behalf of themselves and all others similarly situated,<br><br>          Plaintiff,<br>vs.<br><br>LUMENIS INC., and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION FOR DAMAGES AND RESTITUTION**<br><br>**(1) Failure to Pay Overtime Compensation, Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***<br>**(2) Failure to Pay Overtime Compensation, Cal. Labor Code §§ 510, 1194 and IWC Wage Order(s)**<br>**(3) Failure to Pay Overtime Compensation, New York Labor Law (NYLL), Article 19**<br>**(4) Failure to Provide or Authorize Meal and Rest Periods, Cal. Labor Code §§ 512, 226.7, and IWC Wage Order(s)**<br>**(5) Failure to Provide Itemized Wage Statements, Cal. Labor Code § 226**<br>**(6) Unfair Competition, Cal. Business & Professions Code § 17200 *et seq.***<br>**(7) Failure to Pay Spread of Hours Pay, NYLL**<br>**(8) Failure to Pay Wages When Due, NYLL**<br>**(9) Failure to Comply with Notice and Record Keeping Requirements, NYLL**<br>**(10) Failure to Provide Accurate Wage Statements, NYLL** |

## PRELIMINARY STATEMENT

1. This is a collective action brought by Individual Plaintiffs Cooper Gillespie, Leighton Wynter, Christopher Castle, Michael Conway, William Sean Dunegan, Skylar Fisk, Jeff Folz, Randy Hill, and Dennis Walsh ("Plaintiffs") on their own behalf and on behalf of the proposed FLSA Collective Class. Plaintiffs and the putative class members are or were employed by Defendant Lumenis Inc. ("Lumenis" or "Defendant"), as customer service engineers, field service engineers, and other job titles performing similar duties (collectively, "Service Engineers") and were denied proper compensation as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective Class is made up of all persons who have been employed by Defendant as Service Engineers at any time within three (3) years prior to this action's filing date through the trial of this action (the "Collective Action Period").

3. During the Collective Action Period, Defendant misclassified Plaintiffs and the FLSA Collective Class as exempt from overtime and thus failed to pay them overtime as required by federal law. Plaintiffs individually and for the FLSA Collective Class seek appropriate overtime compensation from Defendant.

4. Plaintiff Gillespie also brings individual claims under California law extending back four (4) years prior to this action's filing date through the trial of this action for Defendant's failure to pay overtime compensation, failure to authorize and provide available meal and rest breaks, and failure to provide premium pay for missed meal and rest breaks. Plaintiff also brings individual claims under California law extending back one year prior to this action's filing date through the trial of this action for Defendant's failure to provide properly itemized wage statements.

5. Plaintiff Wynter brings claims against Defendant under New York law extending back as much as six (6) years prior to this action's filing date through the trial of this action for Defendant's failure to pay overtime compensation, failure to pay spread of hours pay, failure to pay wages when due, failure to comply with notice and record-keeping requirements, and failure to provide accurate wage statements.

## THE PARTIES

6. Plaintiff Cooper Gillespie is an individual residing in Livermore, California, in Alameda County. Defendant has employed Mr. Gillespie since approximately April 2015 as a customer service engineer. While employed by Defendant, Mr. Gillespie has worked out of his home in Alameda County, and in the field, including in Northern California.

7. Plaintiff Leighton Wynter is an individual residing in Staten Island, New York. Defendant has employed Mr. Wynter since approximately September 2012 as a customer service engineer. While employed by Defendant, Mr. Wynter worked out of his home and primarily in the New York metro area, but also in New Jersey, Massachusetts, Vermont, Pennsylvania, Delaware, and Virginia.

8. Plaintiff Christopher Castle is an individual residing in Indianapolis, Indiana. Defendant employed Mr. Castle from approximately September 1999 to November 2016. While employed as a customer service engineer by Defendant, Mr. Castle worked out of his home and was assigned to work in and around Indiana.

9. Plaintiff Michael Conway is an individual residing in South Bend, Indiana. Defendant has employed Mr. Conway since approximately February 1982. While employed as a customer service engineer by Defendant, Mr. Conway has worked out of his home and primarily in Chicago, Illinois.

10. Plaintiff William Sean Dunegan is an individual residing in Kennebunkport, Maine. Defendant has employed Mr. Dunegan since approximately March 2016 as a customer service engineer. While employed by Defendant, Mr. Dunegan has worked out of his home and has performed work in Maine, Vermont, New Hampshire, western New York, and Massachusetts.

11. Plaintiff Skylar Fisk is an individual residing in Orlando, Florida. Defendant employed Mr. Fisk from approximately August 2012 to September 2015 as a customer service engineer. While employed by Defendant, Mr. Fisk worked out of his home and performed work in northern Florida, coastal Georgia, parts of Alabama, and coastal South Carolina.

12. Plaintiff Jeff Folz is an individual residing in Howell, Michigan. Defendant has employed Mr. Folz since approximately August 1986 as a customer service engineer and field service engineer. While employed by Defendant, Mr. Folz has worked out of his home and in

- 2 -

western Michigan.

13. Plaintiff Randy Hill is an individual residing in Athens, Alabama. Defendant has employed Mr. Hill since approximately October 2012 as a customer service engineer. While employed by Defendant, Mr. Hill has worked out of his home and in Alabama, Georgia, Kentucky, Mississippi, and Tennessee.

14. Plaintiff Dennis Walsh is an individual residing in Ankeny, Iowa. Defendant has employed Mr. Walsh on and off since 2001, and he has worked continuously for the company since January 2012 as a customer service engineer. While employed as a customer service engineer by Defendant, Mr. Walsh has worked out of his home and in Des Moines, Iowa, and Kansas City, Kansas.

15. According to its website, Lumenis Inc. is "a global leader in the field of minimally-invasive clinical solutions for the Surgical, Ophthalmology and Aesthetic markets," and develops and commercializes "innovative energy-based technologies, including Laser, Intense Pulsed Light (IPL) and Radio-Frequency (RF)." Lumenis is incorporated in the state of Massachusetts. Lumenis's national headquarters and principal place of business are in San Jose, California, Santa Clara County.

16. On information and belief, Lumenis's gross annual sales made or business done has been $500,000.00 or greater at all times relevant to this Complaint.

17. Defendant operates in interstate commerce by, among other things, servicing medical devices and equipment in the surgical, aesthetics, and ophthalmology fields in multiple states.

18. Plaintiffs and those similarly situated are individuals who were or are employed by Defendant as Service Engineers at any time within the past three (3) years anywhere in the United States. As Service Engineers, their primary job duty was or is non-exempt work consisting of routine installation, repair, servicing (which includes ongoing customer support), troubleshooting, and maintenance of devices and equipment manufactured by Defendant.

19. At all relevant times, Defendant is, and has been, Plaintiffs' and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiffs have signed consent forms to join this lawsuit, attached hereto as Exhibit A.

21. This Court also has supplemental jurisdiction over Plaintiff Gillespie's and Plaintiff Wynter's state law claims pursuant to 28 U.S.C. § 1367, because these Plaintiffs' state law claims arise out of the same transactions or occurrences as their FLSA claims.

22. Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the Oakland Division of the Northern District of California because events giving rise to the dispute occurred in Alameda County, California.

## FACTUAL ALLEGATIONS

23. Throughout all relevant time periods, and continuing to the present, Plaintiffs routinely worked over forty (40) hours per week without receiving overtime compensation.

24. Throughout all relevant time periods, and continuing to the present, Plaintiff Gillespie worked over eight (8) hours per day without receiving overtime compensation.

25. Defendant Lumenis classified, and continues to classify, its Service Engineers, including Plaintiffs and those similarly situated, as exempt from the FLSA's overtime protections. Defendant Lumenis classified, and continues to classify, Plaintiff Gillespie as exempt from California's overtime protections. Defendant Lumenis classified, and continues to classify, Plaintiff Wynter as exempt from New York's overtime protections.

26. Throughout all relevant time periods, and continuing to the present, Defendant failed to provide or authorize uninterrupted thirty (30) minute meal periods or uninterrupted (10) minute rest breaks to Plaintiff Gillespie, or pay premiums worth one hour of pay at Plaintiff Gillespie's regular rate of pay.

27. Throughout all relevant time periods, and continuing to the present, Plaintiff Wynter routinely worked a spread of hours exceeding ten (10) hours per day without receiving and additional hour's pay at the minimum hourly rate.

28. Defendant was aware, or should have been aware, that Plaintiffs and similarly situated Service Engineers performed non-exempt work that required payment of overtime

- 4 -

compensation. For instance, Defendant knew that Plaintiffs and similarly situated Service Engineers worked overtime hours because Defendant assigned them their work and required them to work long hours to complete all of their job duties and responsibilities.

29. Defendant was also aware of Plaintiffs' and similarly situated employees' work hours because Defendant required Service Engineers to complete service reports through a program called Service Max, which reflected some of the employees' travel and labor hours for jobs they completed.

30. Plaintiffs Castle, Dunegan, Hill, Wynter, and others also complained to his/their managers about the excessive workload and overtime hours they were working.

31. Defendant was previously sued in the Northern District under the FLSA and New York state law for misclassifying and failing to pay overtime to Service Engineers, and the Northern District approved the settlement that resulted from that lawsuit. *See Cordero v. Lumenis*, Case No. 5:15-cv-03164 (N.D.Cal., Aug. 30, 2016).

32. Defendant did not keep accurate records of the hours Plaintiffs and other Service Engineers worked. Plaintiffs' wage statements did not reflect their overtime hours worked.

33. Plaintiff Gillespie's wage statements did not reflect the premiums owed for missed meal and rest breaks.

34. Plaintiff Wynter was not paid overtime and other wages owed on at least a weekly basis.

35. Defendant's conduct, as set forth in this Complaint, was willful. Defendant operated under a scheme that has caused significant damages to Plaintiffs and the similarly situated individuals.

### **COLLECTIVE ACTION ALLEGATIONS**

**36.** Plaintiffs bring this action on behalf of themselves and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiffs' consent forms are attached hereto as **Exhibit A.**

37. The proposed FLSA Collective Class is defined as follows:

All persons who have been employed by Defendant as customer service engineers, field service engineers, and other job titles performing similar duties within the

- 5 -

*Gillespie, et al. v. Lumenis Inc.,*
COMPLAINT FOR DAMAGES AND RESTITUTION

United States at any time starting three (3) years prior to the filing of the initial complaint in this action until trial of this action.

38. Defendant suffered and permitted Plaintiffs and the FLSA Collective Class to work more than forty (40) hours per week.

39. Plaintiffs and the FLSA Collective Class were or are paid by salary and commission, with no overtime pay for their overtime hours worked.

40. During the applicable statutory period, Defendant classified Plaintiffs and the FLSA Collective Class as exempt from overtime compensation.

41. Defendant knew that Plaintiffs and the FLSA Collective Class performed non-exempt work that required overtime pay. Defendant operated under a scheme to deprive its Service Engineers of overtime compensation by failing to properly compensate them for all hours worked.

42. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT
**29 U.S.C. § 201,** *et seq.*
**(On Behalf of Plaintiffs and the FLSA Collective)**

43. Plaintiffs and the FLSA Collective Class alleged and incorporate by reference the allegations in the preceding paragraphs.

44. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per week.

45. Plaintiff and the FLSA Collective Class are entitled to be paid overtime compensation for all hours worked. By failing to compensate Plaintiff and the FLSA Collective Class overtime compensation, Defendant violated the FLSA, 29 U.S.C. § 201, *et seq*.

46. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation in violation of the FLSA.

47. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective Class, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and working conditions, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

49. The forgoing conduct, as alleged, precludes a finding that Defendant's conduct was in good faith or that Defendant had reasonable grounds for believing its acts or omissions were not in violation of the FLSA pursuant to 29 U.S.C. § 260, so as to avoid a liquidated damages or other award.

50. Plaintiffs, on behalf of themselves and the FLSA Collective Class, seek damages in the amount of all unpaid overtime compensation owed to himself and the FLSA Collective Class to be established at trial, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and other legal and equitable relief as the Court deems just and proper. Plaintiff, on behalf of himself and the FLSA Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

## UNPAID OVERTIME WAGES UNDER CALIFORNIA STATE LAW

**California Labor Code Sections 510 and 1194, and IWC Wage Order(s)**

**(On Behalf of Plaintiff Gillespie)**

51. Plaintiff Gillespie alleges and incorporates by reference the allegations in the preceding paragraphs.

52. The overtime wage provisions of Labor Code sections 510 and 1194, and the IWC Wage Order(s) apply to Defendant and protect Plaintiff.

53. Defendant, pursuant to its policies and practices, unlawfully and willfully refused to pay Plaintiff overtime premiums the hours he worked over eight (8) hours in a day and over forty (40) hours in a week.

54. By failing to pay overtime wages to Plaintiff, Defendant willfully violated, and continues to violate, Plaintiff's statutory rights under the California Labor Code and its supporting Wage Order(s).

55. Plaintiff seeks damages for his loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, plus, reasonable attorney's fees and costs of the action, interest, and such other legal and equitable relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF

## UNPAID OVERTIME WAGES UNDER NEW YORK STATE LAW

### New York Labor Law Article 19

### (On Behalf of Plaintiff Wynter)

56. Plaintiff Wynter alleges and incorporates by reference the allegations in the preceding paragraphs.

57. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect Plaintiff.

58. Defendant, pursuant to its policies and practices, refused and failed to pay Plaintiff overtime wages for hours worked over forty (40) hours per workweek.

59. By failing to pay overtime wages to Plaintiff, Defendant willfully violated, and continues to violate, Plaintiff's statutory rights under NYLL section 650 *et seq.*, and the supporting New York State Department of Labor Regulations, N.Y. Codes R. & Regs. (NYCRR) Tit. 12, § 142 *et seq*.

60. The forgoing conduct, as alleged, constitutes a willful violation of the NYLL section 650 *et seq.* and the supporting New York State Department of Labor Regulations, NYCRR, Tit. 12, § 142 *et seq*.

61. Defendant has no good faith basis to believe that its acts were incompliance with the law, within the meaning of NYLL section 663.

62. Plaintiff seeks damages in the amount of his unpaid wages to be established a trial, reasonable attorney's fees and costs of the action, liquidated damages, interest, and such other legal and equitable relief as the Court deems proper.

# FOURTH CLAIM FOR RELIEF

# FAILURE TO PROVIDE OR AUTHORIZE MEAL AND REST PERIODS

## California Labor Code Sections 512 and 226.7, and IWC Wage Order(s)

### (On Behalf of Plaintiff Gillespie)

63. Plaintiff Gillespie alleges and incorporates by reference the allegations in the preceding paragraphs.

64. Plaintiff regularly worked in excess of five (5) hours a day without being afforded at least a half-hour uninterrupted meal period in which he was relieved of all duties, as required by California Labor Code sections 226.7 and 512 and IWC Wage Orders.

65. Plaintiff has regularly worked in excess of ten (10) hours a day without being afforded a second half-hour uninterrupted meal period in which he was relieved of all duties, as required by California Labor Code sections 226.7 and 512 and IWC Wage Orders.

66. Because Defendant failed to afford proper meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to California Labor Code section 226.7 and IWC Wage Orders.

67. Plaintiff regularly worked more than three and one-half hours in a day without being authorized and permitted to take a ten (10) minute rest period in which he was relieved of all duties, and regularly worked more than six (6) hours in a day without being authorized and permitted to take two, ten (10) minute rest periods in which he was relieved of all duties per four (4) hours or major fraction thereof, as required under California Labor Code section 226.7 and IWC Wage Orders. Plaintiff has regularly worked in excess of ten (10) hours without being authorized and permitted to take additional ten (10) minute rest periods in which he was relieved of all duties.

68. Because Defendant failed to afford proper rest periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code section 226.7(b) and IWC Wage Orders.

69. Defendant's failure to pay meal and rest period premiums was done willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

70. By violating California Labor Code sections 226.7 and 512, and IWC Wage Orders, Defendant is liable for unpaid missed meal and rest break premiums, reasonable attorneys' fees and costs under California Code of Civil Procedure section 1021.5.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**California Labor Code Section 226**

**(On Behalf of Plaintiff Gillespie)**

71. Plaintiff Gillespie alleges and incorporates by reference the allegations in the preceding paragraphs.

72. For each pay period in which Defendant failed to provide a timely, accurate, itemized wage statement, including, *inter alia*, of overtime hours worked to Plaintiff, Defendant violated California Labor Code section 226. Section 226 provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with that section, may recover the greater of his or her actual damages or a penalty of fifty (50) dollars for the initial pay period in which a violation occurs and one-hundred (100) dollars per employee for each violation in a subsequent pay period (up to a maximum of four thousand (4,000) dollars), in addition to attorneys' fees and costs.

73. Defendant failed to provide accurate itemized wage statements, and did so willfully, in bad faith, in knowing violation of the California Labor Code and the IWC Wage Order.

74. By violating section 226, Plaintiff is entitled to damages, penalties, and injunctive relief requiring Defendant's compliance with the law as provided under Labor Code section 226, as well as attorneys fees and costs pursuant to Labor Code section 226 and Code of Civil Procedure section 1021.5

## SIXTH CLAIM FOR RELIEF

## UNFAIR COMPETITION

**Unfair Practice, California Business & Professions Code Section 17200 *et seq*.**

**(On Behalf of Plaintiff Gillespie)**

75. Plaintiff Gillespie alleges and incorporates by reference the allegations in the preceding paragraphs.

76. California's Unfair Competition Law, California Business and Professions Code section 17200 *et seq.*, prohibits unfair competition, including any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of Section 17200.

77. Pursuant to Business and Professions Code section 17200 *et seq.,* Plaintiff is entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendant has improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal and rest premiums to Plaintiff; in California, an award of attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5, and other applicable law.

## SEVENTH CLAIM FOR RELIEF

## FAILURE TO PAY SPREAD OF HOURS PAY

**New York Labor Law**

**(On Behalf of Plaintiff Wynter)**

78. Plaintiff Wynter alleges and incorporates by reference the allegations in the preceding paragraphs.

79. For each day in which the "spread of hours" from the beginning of Plaintiff's day to the end of the day exceeded ten (10) hours, Defendant failed to pay them an additional hour's pay at the minimum hourly wage rate.

80. Defendant, by the above acts, have violated NYLL section 652 and 12 NYCRR § 142-2.4.

81. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL section 663.

## EIGHTH CLAIM FOR RELIEF

## FAILURE TO PAY WAGES WHEN DUE

**New York Labor Law**

**(On Behalf of Plaintiff Wynter)**

82. Plaintiff Wynter alleges and incorporates by reference the allegations in the preceding paragraphs.

83. Defendant misclassified Plaintiff and therefore failed to pay him overtime when due, among other wages owed.

84. Plaintiff was a "manual worker" as defined in NYLL section 190(4).

85. Pursuant to NYLL section 191(1)(a), Defendants were obligated to pay Plaintiff their earned wages no less than weekly.

86. By failing to pay earned wages for the reasons set forth above, Defendants have violated NYLL section 191.

87. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL section 198.

## NINTH CLAIM FOR RELIEF

## FAILURE TO COMPLY WITH NOTICE AND RECORD KEEPING REQUIREMENTS

### New York Labor Law

### (On Behalf of Plaintiff Wynter)

88. Plaintiff Wynter alleges and incorporates by reference the allegations in the preceding paragraphs.

89. Pursuant to NYLL section 195, Defendants were required to furnish Plaintiff and the Class Members with an annual notice containing the rate or rates of pay and the basis thereof, whether paid by hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section NYLL section 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and such other information as the commissioner deems material and necessary.

90. Defendants failed to provide Plaintiff with any such notice at any time during their employment.

91. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL section 198.

## TENTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### New York Labor Law

### (On Behalf of Plaintiff Wynter)

92. Plaintiff Wynter alleges and incorporates by reference the allegations in the preceding paragraphs.

93. Pursuant to NYLL section 195, Defendants were required to provide Plaintiff with accurate wage statements setting forth, information including overtime rates of pay and the number of overtime hours worked.

94. Defendant did not provide accurate wage statements to Plaintiff for all weeks worked.

95. Defendants had no good faith basis to believe that their actions were in compliance with the law, within the meaning of NYLL section 198.

## PRAYER FOR RELIEF

96. WHEREFORE, Plaintiffs, on behalf of themselves and all members of the FLSA Collective, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violation of the overtime provisions of the FLSA;

D. Judgment that Defendant's violations ad described above were willful;

E. An award in the amount equal to Plaintiffs' and the FLSA Collective Class's unpaid back wages at the applicable overtime rate;

F. An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages, and penalties where provided by law, and interest

- 13 -

*Gillespie, et al. v. Lumenis Inc.,*
COMPLAINT FOR DAMAGES AND RESTITUTION

thereon;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to amend this Complaint to add additional claims by motion, or any other method approved by the Court;

J. Leave to amend this Complaint to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

97. WHEREFORE, Plaintiff Gillespie additionally prays for judgment based on California State law against Defendant as follows:

A. That Plaintiff be determined an adjudicated as a non-exempt employee of Defendant under relevant state law;

B. That Defendant's practices complained of herein be determined and adjudicated to be willful violations of relevant state law;

C. Judgment against Defendant for unpaid wages rightly owed, including overtime, meal and rest break premiums, and itemized wage statement penalties, and interest thereon;

D. All costs and reasonable attorney's fees incurred in prosecuting this claim to the extent allowed by law;

E. Judgment against Defendant for restitution to Plaintiff due to Defendant's unlawful activities, pursuant to relevant state law;

F. Declaratory relief stating that Defendant's scheme is unlawful;

G. That Defendant be enjoined to cease and desist from unlawful activities in violation of relevant state laws;

H. Leave to amend this Complaint to add additional claims and plaintiffs; and

I. For such further legal and equitable relief as the Court deems just and equitable.

98. WHEREFORE, Plaintiff Wynter additionally prays for judgment based on New

- 14 -

*Gillespie, et al. v. Lumenis Inc.,*
COMPLAINT FOR DAMAGES AND RESTITUTION

York State law against Defendant as follows:

A. That Plaintiff be determined an adjudicated as a non-exempt employee of Defendant under relevant state law;

B. That Defendant's practices complained of herein be determined and adjudicated to be willful violations of relevant state law;

C. Judgment against Defendant for unpaid wages rightly owed, liquidated damages, and interest thereon;

D. All costs and reasonable attorney's fees incurred in prosecuting this claim to the extent allowed by law;

E. Leave to amend this Complaint to add additional claims and plaintiffs; and

F. For such further legal and equitable relief as the Court deems just and equitable.

Respectfully submitted,

Dated: April 13, 2017

BRYAN SCHWARTZ LAW

By: _____
Bryan J. Schwartz
Rachel M. Terp
Attorneys for Plaintiffs and Others Similarly Situated